UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GREY SAIL BREWING COMPANY, LLC,   :
      Plaintiff                       :
                                     :
v.                                   :        C.A. No.  12-338M
                                     :
B.C. MARKETING CONCEPTS, INC.,    :
d/b/a FULL SAIL BREWING COMPANY,  :
      Defendant                  :

### DEFENDANT'S ANSWER AND COUNTERCLAIMS

Defendant B.C. Marketing Concepts, Inc., d.b.a. Full Sail Brewing Company ("Full Sail") hereby answers the corresponding numbered paragraphs of the complaint of Plaintiff Grey Sail Brewing Company, LLC ("Grey Sail") as follows:

### PARTIES

1.     Plaintiff Grey Sail Brewing Company, LLC ("Grey Sail") is a Rhode Island limited liability company having its principal place of business at 63 Canal Street, Westerly, Rhode Island, 02891.

**ANSWER**: Full Sail admits that Full Sail alleges below, on information and belief, that Grey Sail has its principal place of business in Rhode Island. Full Sail lacks knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph 1, and therefore denies the same.

2.     Upon information and belief, Defendant B.C. Marketing Concepts, Inc. is an Oregon corporation having its principal place of business at 506 Columbia Street, Hood River, Oregon, 97031. Defendant operates under the assumed business name Full Sail Brewing Company.

**ANSWER**: Full Sail admits the allegations of paragraph 2.

## JURISDICTION AND VENUE

3.     This action is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER**: Full Sail admits that Grey Sail purports to bring this action under the Declaratory Judgment Act but denies that this action is properly brought under that statute because no case of actual controversy existed at the time of filing.

4.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because Grey Sail's claims for declaratory relief arise under the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

**ANSWER**: Full Sail admits that Grey Sail purports to bring this action under the Trademark Laws of the United States, but denies that Grey Sail's claims for declaratory relief are properly brought under those laws because no case of actual controversy existed at the time of filing of the complaint.

5.     This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with Rhode Island through its regular and continuous business transactions including, without limitation, selling, promoting, advertising, and marketing its beer at liquor stores, beer festivals, and trade shows within the State.

**ANSWER**: Full Sail admits the allegations of paragraph 5.

6.     Venue is proper under 28 U.S.C. § 1391 because Defendant regularly and continuously transacts business within the State of Rhode Island.

**ANSWER**: Full Sail admits the allegations of paragraph 6.

## FACTS

7.     Grey Sail was founded in 2011 to operate a brewery to make and distribute its GREY SAIL branded beer in restaurants, bars, and liquor stores in Rhode Island and Connecticut.

2

**ANSWER**: Full Sail admits that Full Sail alleges below, on information and belief, that Grey Sail first began using accused marks in connection with accused goods in 2011, that Grey Sail solicits and conducts business and sells its goods and services in multiple States, including the State of Rhode Island, and that Grey Sail has its principal place of business in Rhode Island. However, Full Sail lacks knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph 7, and therefore denies the same.

8.      Grey Sail has been continuously using the trademark GREY SAIL since the company's inception on a variety of products including, without limitation, beer cans, tap handles, and promotional materials. Grey Sail coined the GREY SAIL mark and has filed for trademark registration with the U.S. Patent and Trademark Office under an application bearing the Serial No. 85617059.

**ANSWER**: Full Sail admits that Grey Sail has filed for trademark registration with the U.S. Patent and Trademark Office under Serial No. 85617059, and that accused products in the below counterclaims include a variety of products including, without limitation, beer cans, tap handles, and promotional materials. Full Sail lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8, and therefore denies the same.

9.      On or about April 27, 2012, Defendant contacted Grey Sail by telephone. Defendant told Grey Sail in that call that it owned a registration of the trademark "FULL SAIL," and that Plaintiff's GREY SAIL mark infringes Defendant's FULL SAIL mark.

**ANSWER**: Full Sail admits that Full Sail contacted Grey Sail by telephone and discussed Grey Sail's and Full Sail's respective marks. Full Sail also admits that it owns U.S. Trademark Registration No. 1685507 for FULL SAIL ALE and design, and that Full Sail alleges below that the GREY SAIL mark infringes various FULL SAIL marks. Full Sail denies the remaining allegations of paragraph 9.

3

10.     Defendant demanded that Grey Sail cease its use of the GREY SAIL mark and threatened a lawsuit if Grey Sail failed to do so.

**ANSWER**: Full Sail admits that, after the time of filing of the complaint, Full Sail has requested that Grey Sail cease and desist from its infringing actions that violate federal and state laws. However, as of the time of filing of the complaint, Full Sail denies the allegations of paragraph 10.

11.     Grey Sail has not infringed and does not infringe any valid trademark rights of Defendant and cannot therefore be liable for infringement.

**ANSWER**: Full Sail denies the allegations of paragraph 11.

12.     Grey Sail is under a reasonable and serious apprehension that it imminently will be sued by Defendant for trademark infringement.

**ANSWER**: Full Sail admits that it states counterclaims for trademark infringement against Grey Sail below, but otherwise denies the allegations of paragraph 12 as of the time of filing of the complaint.

13.     As a result, an actual, immediate, and justiciable controversy exists between Grey Sail and Defendant concerning whether Defendant's trademark is not infringed.

**ANSWER**: Full Sail admits that it states counterclaims for trademark infringement against Grey Sail below, but otherwise denies the allegations of paragraph 13 as of the time of filing of the complaint.

## COUNT 1

14.     Grey Sail realleges and incorporates by reference the allegations contained in paragraphs 1 through 13 of this Complaint as if fully set forth herein.

4

**ANSWER**: Full Sail admits that Grey Sail realleges and incorporates by reference the allegations in paragraphs 1 through 13. Full Sail realleges and incorporates by reference the Answers to paragraphs 1 through 13 above as if fully set forth herein.

15.    Plaintiff has not infringed any valid and enforceable trademark of the Defendant.

**ANSWER**: Full Sail denies the allegations of paragraph 15.

16.    An actual and justiciable case of controversy exists between Grey Sail and Defendant as to whether Grey Sail infringes Defendant's trademark, which requires a declaration of rights by this Court.

**ANSWER**: Full Sail admits that it states counterclaims for trademark infringement against Grey Sail below, but otherwise denies the allegations of paragraph 16 as of the time of filing of the complaint.

17.    Grey Sail is entitled to a judicial determination and declaration that it has not infringed and is not infringing any valid or enforceable trademark right of Defendant.

**ANSWER**: Full Sail denies the allegations of paragraph 17.


## FULL SAIL'S AFFIRMATIVE DEFENSES

18.    The claims of Grey Sail fail to state a claim against Full Sail upon which relief can be granted.

19.    The claims of Grey Sail are or may be barred, in whole or in part, by the doctrines of laches, waiver, promissory estoppel, equitable estoppel, unclean hands, release, acquiescence, and/or abandonment.

20.    Grey Sail's claims are barred because Full Sail has prior and superior rights to use its marks in the geographic areas in which Full Sail operates.

21.    Grey Sail is not entitled to damages, exemplary damages or attorneys' fees.

22.    Full Sail reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Lanham Act, and any other defenses at law or in equity.

## COUNTERCLAIMS

23.         Full Sail, for its counterclaims against Grey Sail, alleges the following:

## JURISDICTION AND VENUE

24.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (action arising under the laws of the United States), 1332(a) (diversity of citizenship), 1338(a) (action arising under an Act of Congress relating to trademarks), 1338(b) (civil action asserting claim of unfair competition joined with substantial and related claim under trademark laws), and 1367 (supplemental jurisdiction over claims relating to those for which court has original jurisdiction), as well as 15 U.S.C. § 1121 (actions arising under the Lanham Act). Venue is proper under 28 U.S.C. §§ 1400(a) and 1391(b). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

25.    On information and belief, Grey Sail solicits and conducts business and sells its goods and services in multiple States, including the State of Rhode Island, and Grey Sail has its principal place of business in Rhode Island. Accordingly, Grey Sail is subject to this Court's *in personam* jurisdiction.

## MATERIAL FACTS

26.     Since at least as early as 1987, Full Sail has been continuously engaged in selling and offering to sell its beer under the distinctive trademark FULL SAIL. Examples of this mark as experienced in the marketplace are reproduced below and shown in Exhibit 1.A to Exhibit 1.O.

   



27.    Since at least as early as 1992, Full Sail has been continuously engaged in selling and offering to sell its beer and bar services under the distinctive trademark FULL SAIL BREWING COMPANY.  Examples of this mark as experienced in the marketplace are reproduced below.







28.    Since at least as early as 1992, Full Sail has been continuously engaged in selling and offering to sell its beer and bar services under the distinctive trademark FULL SAIL BREWING CO.  Examples of this mark as experienced in the marketplace are reproduced below.







29.    Since at least as early as 2004, Full Sail has been continuously engaged in selling and offering to sell its beer and bar services under the distinctive logo shown below, having the words FULL SAIL with a sail design in the center of the logo.   Examples of this mark as experienced in the marketplace are reproduced above, and a drawing of the mark is shown below.



30.     Since at least as early as 2004, Full Sail has been continuously engaged in selling and offering to sell its beer and bar services under the distinctive logo shown below, having the letters F S with a sail design, and including the number 47.   Examples of this mark as experienced in the marketplace are reproduced above, and a drawing of the mark is shown below.



31.     Full Sail markets, sells, and offers to sell its goods and services in interstate commerce in the United States.

32.     Full Sail markets, sells, and offers to sell its beer in the state of Rhode Island, and has done so continuously in Rhode Island since November of 2010.

33.    Full Sail uses the website www.fullsailbrewing.com to market its goods and services under its various marks. A screen capture from the Full Sail website is shown below.



34.    Full Sail owns registered U.S. Trademark Registration No. 1685507 for FULL SAIL ALE and design, shown below as a drawing, and as used. This mark became incontestable in 1998.   This mark includes the words FULL SAIL ALE with the words "FULL SAIL" prominently featured in an arced ribbon above an image of a sail, and with the word "ALE" printed below the image of a sail, and centered relative to the words FULL SAIL. Attached as Exhibit 2.A is a copy of Registration No. 1685507.



35.    Full Sail owns pending U.S. Trademark Application Serial No. 85449279 for the mark FULL SAIL BREWING COMPANY. Attached as Exhibit 2.B is a printout from the U.S. Patent and Trademark Office (USPTO) website showing the status of this application.

11

36.    Full Sail owns pending U.S. Trademark Application Serial No. 85448723 for the mark FULL SAIL. Attached as Exhibit 2.C is a printout from the USPTO website showing the status of this application.

37.    Full Sail owns pending U.S. Trademark Application Serial No. 85452092 for the design and word mark FULL SAIL shown below. Attached as Exhibit 2.D is a printout from the USPTO website showing the status of this application.



38.    Full Sail owns pending U.S. Trademark Application Serial No. 85618938 for the design mark shown below. Attached as Exhibit 2.E is a printout from the USPTO website showing the status of this application.



39.    Full Sail owns pending U.S. Trademark Application Serial No. 85452097 for the design and word mark F S 47 shown below. Attached as Exhibit 2.F is a printout from the USPTO website showing the status of this application.



40.    Prior to Grey Sail's acts alleged herein, and as a result of advertising, widespread sales, numerous awards, market recognition, and the care and skill exercised by Full Sail in selling its

goods and services under the FULL SAIL ALE, FULL SAIL, FULL SAIL with sail design, FULL SAIL BREWING COMPANY, FULL SAIL BREWING CO., and the sail design marks, and as a result of the uniform high quality of those goods and services and the public's acceptance thereof, Full Sail's goods and services have acquired an excellent reputation as well as celebrity. As a result, Full Sail's marks symbolize valuable good will that Full Sail has created throughout the United States by offering and selling goods and services of dependable high quality.

41.     The marks FULL SAIL ALE, FULL SAIL, FULL SAIL with sail design, FULL SAIL BREWING COMPANY, FULL SAIL BREWING CO., F S 47 with sail design, and sail design for beer are valid at common law in Rhode Island since at least as early as November of 2010.

42.     Each of the marks FULL SAIL, FULL SAIL with sail design, FULL SAIL BREWING COMPANY, FULL SAIL BREWING CO., and sail design is distinctive and famous within the meaning of 15 USC 1125(c).

43.     The marks described in paragraphs 20-36 are hereinafter referred to as the Full Sail Marks.

44.     On information and belief, Grey Sail is currently marketing, distributing, and selling beer under the mark GREY SAIL, a mark accused of infringing one or more of the Full Sail Marks. An example of this infringing use in the form of a beer can is shown below, with the right hand image being an enlargement of the beer can in the left hand image. The left hand image is also shown in Exhibit 3.A.



45.     On information and belief, Grey Sail is currently marketing, distributing, and/or selling beer under the mark GREY SAIL BREWING COMPANY, a mark accused of infringing one or more of the Full Sail Marks. An example of this infringing use is shown above. An additional example from the side panel of the above can is shown in Exhibit 3.B.

46.     On information and belief, Grey Sail is currently marketing, distributing, and/or selling beer under one or more logos including the words GREY SAIL with a sail or sail shaped design in the center, collectively creating a mark accused of infringing one or more of the Full Sail Marks. An example of this infringing use is shown above.

47.     On information and belief, Grey Sail is currently marketing, distributing, and/or selling beer under one or more logos including the words FLAG SHIP ALE with the words "FLAG SHIP" printed in an arced ribbon above an image of a sail, and with the word "ALE" printed below the image of a sail, and centered relative to the words FLAG SHIP, collectively creating a

14

mark accused of infringing one or more of the Full Sail Marks. An example of this infringing use is shown above.

48.     Upon information and belief, Grey Sail uses the website www.greysailbrewing.com to market the accused goods, including, without limitation, beer cans, tap handles, and promotional materials, under the accused marks in the United States. A screen capture from the Grey Sail website is shown below, and in Exhibit 3.C.



Home
The Grey Sail Story
The Brewer's Log
The Gallery
The Crew

**WELCOME TO GREY SAIL BREWING!**

Grey Sail Brewing Company is a new craft brewery located in Westerly, Rhode Island. We specialize in fine, handcrafted ales and session beers. We are currently distributing our Flagship Ale and Leaning Chimney Smoked Porter to bars and restaurants throughout Rhode Island and eastern Connecticut. Look for our Flagship Ale in cans at your favorite package stores all over Rhode Island and Eastern Connecticut.

Please join us at the Brewery for tours and tastings every Saturday from 1 to 5 pm. We are located at 63 Canal Street in Westerly.

Upcoming Events:

49.     Other apparent uses or proposed uses of marks that Full Sail will accuse of infringing one or more of the Full Sail Marks are shown in Exhibit 3.D - Exhibit 3.P.

50.     Upon information and belief, Grey Sail first began using the accused marks in connection with the accused goods in 2011.

51.     Upon information and belief, Grey Sail has filed for trademark registration with the U.S. Patent and Trademark Office under pending U.S. Trademark Application Serial No. 85617059 for the mark GREY SAIL.

52.     Full Sail has never authorized Grey Sail's use of the accused marks or any similar marks for the accused goods or any other goods.

53.    Upon information and belief, Full Sail began using the marks FULL SAIL ALE, FULL SAIL, FULL SAIL with sail design, FULL SAIL BREWING COMPANY, FULL SAIL BREWING CO., and sail design for beer and bar services before Grey Sail began using the marks GREY SAIL, GREY SAIL with sail design, GREY SAIL BREWING COMPANY, FLAG SHIP ALE and FLAG SHIP ALE with a ribbon design, all for beer.

54.    After the time of filing of the complaint, Full Sail has requested that Grey Sail cease and desist from its infringing actions that violate federal and state laws, but Grey Sail has not complied with this request.

**FIRST COUNTERCLAIM:**
**FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN**
**VIOLATION OF THE LANHAM ACT**

55.    Full Sail repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

56.    Grey Sail has no license or authority from Full Sail to use the GREY SAIL, GREY SAIL with sail design, GREY SAIL BREWING COMPANY, FLAG SHIP ALE, and FLAG SHIP ALE with a ribbon design marks.

57.    The GREY SAIL, GREY SAIL with sail design, GREY SAIL BREWING COMPANY, FLAG SHIP ALE and FLAG SHIP ALE with a ribbon design marks are confusingly similar to the FULL SAIL ALE, FULL SAIL, FULL SAIL with sail design, FULL SAIL BREWING COMPANY, FULL SAIL BREWING CO., and/or sail design marks.

58.    By reason of the foregoing, Grey Sail is using the marks in connection with the sale, offering for sale, distribution, and advertising of goods in commerce in a manner likely to cause confusion, mistake, or deception.

59.    By reason of the foregoing, Grey Sail has violated sections 32(1) and 43(a) of the Lanham Act (15 U.S.C. §§ 1114(1) and 1125(a)).

60.     The FULL SAIL ALE, FULL SAIL, FULL SAIL with sail design, FULL SAIL
BREWING COMPANY, FULL SAIL BREWING CO., and sail design marks are inherently
distinctive as applied to Full Sail's goods that bear those marks.

61.     Notwithstanding Full Sail's established rights, upon information and belief, Grey Sail
adopted and used the confusingly similar marks GREY SAIL, GREY SAIL with sail design,
GREY SAIL BREWING COMPANY, FLAG SHIP ALE, and FLAG SHIP ALE with a ribbon
design in interstate commerce in connection with the sale and offering for sale of beer.

62.     Upon information and belief, Grey Sail promotes its goods in some of the same channels,
and to some of the same consumers as does Full Sail.

63.     Without Full Sail's consent, Grey Sail has used the GREY SAIL, GREY SAIL with sail
design, and GREY SAIL BREWING COMPANY, FLAG SHIP ALE, and FLAG SHIP ALE
with a ribbon design marks in connection with the sale, offering for sale, distribution, or
advertising of its goods.

64.     Upon information and belief, Grey Sail has engaged in this infringing activity despite
having actual knowledge of Full Sail's use of the FULL SAIL ALE, FULL SAIL, FULL SAIL
with sail design, FULL SAIL BREWING COMPANY, FULL SAIL BREWING CO., and/or sail
design marks.

65.     Grey Sail's actions are likely to lead the public to conclude incorrectly that its goods
originate with or are authorized by Full Sail, which will damage both Full Sail and the public.

66.     Upon information and belief, Grey Sail's actions are intended to enrich Grey Sail.

67.     Upon information and belief, Grey Sail has advertised and offered its goods for sale using
the GREY SAIL, GREY SAIL with sail design, GREY SAIL BREWING COMPANY, FLAG
SHIP ALE, and FLAG SHIP ALE with a ribbon design marks with the intention of misleading,

deceiving, or confusing consumers as to the origin of its goods and of trading on Full Sail's reputation and good will.

68.     Grey Sail's unauthorized use of the GREY SAIL, GREY SAIL with sail design, GREY SAIL BREWING COMPANY, FLAG SHIP ALE, and FLAG SHIP ALE with a ribbon design marks in interstate commerce as described above constitutes trademark infringement and unfair competition under 15 U.S.C. §§ 1114(1) and 1125(a) and is likely to cause consumer confusion, mistake, or deception.

69.     Grey Sail's unauthorized marketing and sale of its goods in interstate commerce using its GREY SAIL, GREY SAIL with sail design, GREY SAIL BREWING COMPANY, FLAG SHIP ALE, and FLAG SHIP ALE with a ribbon design marks constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Grey Sail's goods as originating from or connected with Full Sail, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. §§ 1114(1) and 1125(a).

70.     The registration of the domain name www.greysailbrewing.com by Grey Sail is cyberpiracy proscribed by 15 USC 1125(d).

71.     As a direct and proximate result of Grey Sail's trademark infringement and acts of unfair competition, Full Sail has suffered irreparable harm to its business and reputation, and also has suffered and continues to suffer damages in an amount to be determined by the trier of fact. In addition, Grey Sail has unjustly profited from those acts.

72.     Grey Sail's trademark infringement and acts of unfair competition will cause further irreparable injury to Full Sail if Grey Sail is not restrained by this Court from further violation of Full Sail's rights. Full Sail has no adequate remedy at law.

73.     Grey Sail's activities have caused confusion or are likely to cause confusion among Full Sail's customers and potential customers.

74.     Upon information and belief, Grey Sail's activities are deliberate and willful.

### SECOND COUNTERCLAIM:
### COMMON LAW TRADEMARK INFRINGEMENT,
### UNFAIR COMPETITION, AND DILUTION

75.     Full Sail repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

76.     Grey Sail's use of the GREY SAIL, GREY SAIL with sail design, GREY SAIL BREWING COMPANY, FLAG SHIP ALE, and FLAG SHIP ALE with a ribbon design marks for its goods constitutes infringement of Full Sail's common law rights in the FULL SAIL ALE, FULL SAIL, FULL SAIL with sail design, FULL SAIL BREWING COMPANY, FULL SAIL BREWING CO., and/or sail design marks and unfair competition under the common law of Rhode Island and other States.

77.     Grey Sail's use of the GREY SAIL, GREY SAIL with sail design, GREY SAIL BREWING COMPANY, FLAG SHIP ALE, and FLAG SHIP ALE with a ribbon design marks for its goods constitutes dilution of the distinctive quality of Full Sail's common law FULL SAIL ALE, FULL SAIL, FULL SAIL with sail design, FULL SAIL BREWING COMPANY, FULL SAIL BREWING CO., and/or sail design marks.

### PRAYER FOR RELIEF

WHEREFORE, Full Sail respectfully requests the following relief:

A.      That Grey Sail's Complaint be dismissed with prejudice;

B.      That all relief sought in Grey Sail's Complaint be denied;

C.      That, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, Grey Sail, its officers, agents, servants, employees, attorneys, successors, and/or assigns, and all

other persons in active concert or participation with any of them be preliminarily and permanently enjoined from (1) using the words GREY SAIL in connection with beer, including but not limited to any use as all or part of the trademark or name for beer and (2) continuing any and all acts of unfair competition as herein alleged;

D.     That Grey Sail be ordered pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1118, to recall from all retailers and distributors and to deliver up for impounding all goods or materials bearing the words GREY SAIL as all or part of a name or mark;

E.     That, pursuant to 15 U.S.C. § 1116(a), Grey Sail be required to file with the Court and serve on Full Sail within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Grey Sail has complied with the injunction;

F.     That Grey Sail be ordered to transfer the www.greysailbrewing.com domain name to Full Sail;

G.     That, pursuant to 15 U.S.C. § 1119, the Director of the U.S. Patent and Trademark Office be enjoined from issuing to Grey Sail any registration for the GREY SAIL mark or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with Full Sail's marks;

H.     That, pursuant to 15 U.S.C. § 1117, Full Sail be awarded up to three times Grey Sail's profits or Full Sail's damages, in an amount to be determined at trial, together with prejudgment interest;

I.     That Full Sail be awarded its damages pursuant to the common law;

20

J.      That this be declared to be an "exceptional case" under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117, and that Full Sail be awarded its reasonable attorneys' fees and full costs;

K.      That Full Sail be awarded any other remedy to which it may be entitled pursuant to the Lanham Act and Rhode Island statutory and common law;

L.      That this Court order such other and further relief as the Court deems just and proper.

Full Sail demands trial by jury of all issues so triable.

> B.C. MARKETING CONCEPTS, INC., d/b/a
> FULL SAIL BREWING COMPANY
>
> By Its Attorneys,
>
>
> /s/ Justin T. Shay, Esq.
> Justin T. Shay (#2781)
> Sally P. McDonald (#8265)
> Cameron & Mittleman LLP
> 301 Promenade Street
> Providence, RI  02908
> Tel.  (401) 331-5700
> Fax  (401) 331-5787
> E-mail:  jshay@cm-law.com

Date:  May 31, 2012

> Charles H. DeVoe, Esq.
> Oregon State Bar No. 932531
> Thomas J. Romano, Esq.
> Oregon State Bar No. 053661
> (*Pro hac vice applications to be filed*)
> Kolisch Hartwell, P.C.
> 520 S.W. Yamhill Street, Suite 200
> Portland, OR  97204
> Tel.  (503) 224-6655
> Fax  (503) 972-9115
> E-mail:  info@khpatent.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2012, a true copy of the within was filed with the Clerk of the Court for the United States District Court for the District of Rhode Island, using the CM/ECF system, which will send a "Notice of Electronic Filing" to the following attorney(s) of record:

> Stacey P. Nakasian, Esq.
> Eric A. Contre, Esq.
> Duffy & Sweeney, Ltd.
> One Financial Plaza, Suite 1800
> Providence, RI  02903

/s/ Justin T. Shay, Esq.

Justin T. Shay, Esq.

G:\cmc\To be Profiled\BC Marketing\Answer and Counterclaims.docx